IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHRN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| RABIE CHILLMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| VILLAGE OF EVERGREEN PARK, a Municipal corporation, | ) ) ) | Judge: |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES, Plaintiff, RABIE CHILLMON (hereinafter "Plaintiff" or "Chillmon"), by and through her attorneys, Seth R. Halpern and Meredith W. Buckley of Malkinson & Halpern, P.C., and for her Complaint at Law against Defendant VILLAGE OF EVERGREEN PARK (hereinafter "Defendant" or "Evergreen Park"), states as follows:

I. **Nature of the Case**

1. Plaintiff, RABIE CHILLMON, was employed as a Police Clerk with the Police Department of the Village of Evergreen Park from approximately July 1, 2019, through her termination on March 31, 2020.

2. This is an individual action brought by Plaintiff for discrimination and a hostile work environment based upon Plaintiff's national origin and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

3. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer lost wages and benefits and significant related emotional distress. Plaintiff seeks all damages she is entitled to under law, including compensatory damages, reasonable attorneys' fees and costs and other appropriate legal and equitable relief.

## II. Jurisdiction and venue

4. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because substantial parts of the events or omissions giving rise to the claims herein occurred in this judicial district and this is where the Plaintiff suffered the primary harm from Defendant's actions.

## III. Parties

6. Plaintiff is a citizen of the United States and, for all times relevant, resides in Cook County, Illinois.

7. Plaintiff's national origin is Albanian and she is an immigrant to the United States.

8. Defendant, Village of Evergreen Park, is a municipal corporation, which is located in Cook County, Illinois.

9. At all times relevant, Defendant qualified as an employer as defined by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b).

10. At all times relevant, Plaintiff qualified as an employee as defined by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(f).

## IV. Administrative Requirements

11. Plaintiff complied with all administrative requirements by timely filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) based on discrimination/hostile work environment and retaliation.

12. Plaintiff's initial Charge of Discrimination was filed on February 27, 2020, which alleged national origin discrimination/hostile work environment and retaliation. A true and correct copy of such Charge of Discrimination is attached as Exhibit 1, hereto.

13. On May 7, 2020, Plaintiff amended her Charge of Discrimination alleging further discrimination/hostile work environment and retaliation including her termination which occurred on March 31, 2020. A true and correct copy of Plaintiff's Amended Charge of Discrimination is attached hereto as Exhibit 2.

14. On October 2, 2020, Plaintiff, received a Dismissal and Notice of Suit Rights from the EEOC for her above-mentioned Charge and Amended Charge of Discrimination, and, accordingly, this Complaint is timely filed. A true and correct copy of the Dismissal and Notice of Suit Rights is attached hereto as Exhibit 3.

V. **Factual Allegations**

15. Plaintiff was hired as a Police Clerk for the Village of Evergreen Park Police Department on July 1, 2019.

16. Throughout the course of her employment with the Evergreen Park, Plaintiff performed her job duties satisfactorily and met Defendant's legitimate expectations.

17. Within a few days of Plaintiff's hiring, Defendant's employee, "Ann", was training Plaintiff in her job duties and she began making derogatory and harassing remarks about Plaintiff's status as an immigrant, including but not limited to telling Plaintiff that she should quit her job and live on food stamps, "like every other immigrant."

18. Plaintiff found her trainer Ann's comments to be highly offensive, insulting and harassing regarding her national origin and status as an immigrant. Plaintiff immediately reported such comments to Frank Clarin, Record Supervisor. Supervisor Clarin did not address

3

Plaintiff's complaints, took no effective action with regard to Plaintiff's Complaints, and refused to change Plaintiff's trainer at that time.

19. Eventually, another trainer was assigned to Plaintiff. This next trainer "Laurie" told Plaintiff that she did not have time for her and that "she hated people from other countries because they come here and take our good jobs and benefits." Laurie also told Plaintiff "you all need to stay in your f--ing country and build your own country."

20. Plaintiff found trainer Laurie's comments to be highly offensive, insulting and harassing regarding her national origin and status as an immigrant.

21. In addition to the harassing and derogatory comments made by Plaintiff's trainers, Ann and Laurie, and as her employment with Defendant continued, Plaintiff was repeatedly subjected to further hostile, discriminatory and derogatory comments and behaviors related to her national origin which included but are not limited to:

   a. being subjected to derogatory comments about her accent;

   b. being ignored when asking work-related questions;

   c. being offered little help from co-workers;

   d. being constantly told to quit or being subjected to threats of termination;

   e. being subjected to harsher tones, dismissive language, insults and aggression from non-immigrant co-workers and supervisors;

   f. being subjected to harsher and more negative terms and conditions of employment than similarly situated non-immigrant co-workers;

   g. being subjected to harsher and more exacting scrutiny for work related matters than similarly situated non-immigrant co-workers; and

   h. being subjected to repeated and continuous comments that were degrading and harassing toward immigrants.

22. Beginning in late July 2019, and continuing through her employment, Plaintiff

4

complained, both verbally and in writing, of the above harassing and discriminatory behavior to Supervisor Clarin, Police Chief Saunders, Sergeant Salazar, Deputy Chief Peter Donovan, and Sergeant Trujillo.

23. Despite Plaintiff's repeated complaints, no remedial actions were taken by Defendant to end the harassing and discriminatory behavior so complained of by Plaintiff.

24. On December 10, 2019, Plaintiff filed a written complaint with Sergeant Trujillo reporting that a co-worker had referred to her as a "f---ing immigrant."

25. Defendant took no remedial action in response to Plaintiff's December 10, 2019, written complaint.

26. On January 6, 2020, Chief Saunders met with Plaintiff regarding her complaints of national origin discrimination and hostile work environment. Chief Saunders was hostile and dismissive of Plaintiff's complaints and told Plaintiff that she was required to take a polygraph test to substantiate her repeated complaints of discrimination and retaliation. Plaintiff took Chief Saunders' demands of a polygraph test as a threat.

27. On January 7, 2020, Plaintiff, through her counsel, sent a letter to Defendant complaining of the continued and repeated harassment and discrimination based on her national origin and further complaining that subjecting Plaintiff to a polygraph test and threatening her employment was further retaliation for her protected acts of complaining and reporting such discrimination and harassment.

28. As the discrimination, harassment and retaliation did not stop, on February 27, 2020, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, alleging that Defendant was engaging in unlawful discrimination/hostile work environment and retaliation.

29. Following Plaintiff's reports and complaints of discrimination and harassment based on her national origin, Defendant engaged in numerous retaliatory acts which included but are not limited to:

   a. threatening Plaintiff's employment;

   b. subjecting Plaintiff to harsher and more negative terms and conditions of employment;

   c. subjecting Plaintiff to harsher and more exacting work related scrutiny;

   d. subjecting Plaintiff to unwarranted verbal and written reprimands;

   e. dismissing Plaintiff's continued complaints of discrimination and harassment;

   f. suspending Plaintiff for one day;

   g. threatening Plaintiff with a polygraph test; and

   h. terminating Plaintiff's employment.

30. On March 25, 2020, Plaintiff again complained to Defendant that a co-worker, Clerk Synder, treated her disrespectfully and inappropriately.

31. Similar to Plaintiff's prior complaints, Defendant dismissed Plaintiff's March 25, 2020, complaint and accused Plaintiff of being untruthful.

32. On March 31, 2020, Defendant terminated Plaintiff's employment claiming Plaintiff reports of hostile treatment were "without merit and completely unfounded."

33. In reality, Defendant terminated Plaintiff because of her national origin and in retaliation for her repeated and continued reports of discrimination and harassment based on her national origin.

## COUNT I
### National Origin Discrimination and Hostile Work Environment

34. Plaintiff restates paragraphs 1-33 of the Complaint as if fully set forth herein.

35. Plaintiff is Albanian, and an immigrant to the United States.

36. As set forth herein, beginning immediately upon her hiring and continuing throughout her employment, Plaintiff was subjected to repeated derogatory and discriminatory comments and acts by Defendant and Defendant's employees and agents because of her national origin and status as an immigrant.

37. Plaintiff was subjected to repeated and continuous adverse employment actions by Defendant and Defendant's employees and agents because of her national origin and status as an immigrant which included but is not limited to:

   a. Pervasive and severe discrimination and harassment based on her national origin which impacted her ability to complete her work and was offensive, insulting, embarrassing, intimidating and made her extremely uncomfortable;

   b. Subjecting Plaintiff to more negative terms and conditions of employment;

   c. Subjecting Plaintiff to harsher and more exacting work scrutiny;

   d. Subjecting Plaintiff to unwarranted written and verbal reprimands;

   e. Ignoring Plaintiff's repeated complaints of harassment and discrimination;

   f. Subjecting Plaintiff to repeated threats of termination;

   g. Suspension; and

   h. Termination;

38. Defendant's course of conduct showed a disregard for Plaintiff's right to have an employment environment free from unlawful discrimination based on her national origin.

39. In engaging in the unlawful employment practices set forth herein, Defendant acted knowingly, with malice and/or with conscious disregard for Plaintiff's right to work in an environment free from unlawful discrimination.

40. The aforementioned incidents constituted a hostile work environment and,

accordingly, unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

41. As a result of the unlawful employment practices complained of herein, Plaintiff has and continues to experience lost wages and benefits and has and continues to suffer emotional pain and suffering.

WHEREFORE, Plaintiff, RABIE CHILLMON, respectfully requests that this Court enter an Order:

 (a) Declaring the conduct of Defendant, VILLAGE OF EVERGREEN PARK, and its agents and employees, as described herein, is in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

 (b) Awarding Plaintiff all lost wages and benefits and other compensation she has lost and continues to lose, including interest, as a result of Defendant's conduct;

 (c) Awarding Plaintiff compensatory damages;

 (d) Awarding Plaintiff damages for all related emotional distress;

 (e) Awarding Plaintiff reasonable attorneys' fees and costs; and

 (f) Awarding Plaintiff any other and further relief this Court deems just and proper.

## COUNT II
### Retaliation

42. Plaintiff restates paragraphs 1-33 of the Complaint as if fully set forth herein.

43. As set forth herein, beginning in late July 2019 and continuing throughout her employment, Plaintiff complained both verbally and in writing to numerous individuals including Supervisor Clarin, Police Chief Saunders, Sergeant Salazar, Deputy Chief Peter Donovan, and Sergeant Trujillo.

8

44. Plaintiff additionally filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on February 27, 2020, alleging Defendant engaged in repeated and continuous discrimination and created a hostile work environment and was further retaliating against Plaintiff.

45. Despite Plaintiff's repeated complaints, reports, expressions of disapproval, and filing of Charges of Discrimination, Defendant took no remedial action to stop the harassment, discrimination and retaliation so complained of by Plaintiff.

46. As set forth herein, Defendant took numerous retaliatory actions against Plaintiff for her protected acts of reporting and complaining of what she, in good faith, believed to be unlawful discrimination and harassment based on her national origin and her complaints of retaliation related to such complaints and reports.

47. Ultimately, Defendant terminated Plaintiff in retaliation for her complaints and reports of harassment, discrimination and retaliation related to such complaints and reports.

48. In engaging in the unlawful employment practices set forth herein, Defendant acted knowingly, with malice and/or with conscious disregard for Plaintiff's rights to work in an environment free from unlawful discrimination.

49. The aforementioned incidents constituted unlawful and retaliatory employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

50. As a result of the unlawful employment practices complained of herein, Plaintiff has and continues to experience lost wages and benefits and has and continues to suffer emotional pain and suffering.

WHEREFORE, Plaintiff, RABIE CHILLMON, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant the VILLAGE OF EVERGREEN PARK, and its agents and employees, as described herein, is in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;*

(b) Awarding Plaintiff all lost wages and benefits and other compensation she has lost and continues to lose, including interest, as a result of Defendant's conduct;

(c) Awarding Plaintiff compensatory damages;

(d) Awarding Plaintiff damages for all related emotional distress;

(e) Awarding Plaintiff reasonable attorneys' fees and costs; and

(f) Awarding Plaintiff any other and further relief this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,

*/s/ Seth R. Halpern*

Seth R. Halpern, attorney for Plaintiff

Seth R. Halpern
Meredith W. Buckley
MALKINSON & HALPERN, P.C.
33 N. Dearborn Street, Suite 1540
Chicago, Illinois 60602
(312) 427-9600
shalpern@mhtriallaw.com
mbuckley@mhtriallaw.com